FILED
2026 Jan-21 AM 10:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**ANDRAE MARTINIZE CROOK,**
    Petitioner,

v.                                                  Case No. 1:23-cv-8005-CLM
                                                    (Case No. 1:19-cr-296-CLM-HNJ)

**UNITED STATES OF AMERICA,**
    Respondent.

## MEMORANDUM OPINION

Petitioner Andrae Martinize Crook moves for the court to vacate, set aside, or otherwise correct his sentence under 28 U.S.C. § 2255. (*See* Docs. 2, 9, 20). Crook also moves to correct the record (doc. 22) and for the court to expedite consideration of his § 2255 motion (doc. 33). For the reasons explained within, the court **DENIES** Crook's motion for § 2255 relief and **DENIES AS MOOT** Crook's motion to correct the record and motion to expedite.

## BACKGROUND

1. *Conviction + original sentencing*: On July 30, 2019, Crook pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The United States Probation Office then prepared a presentence investigation report ("PSR") that said that a four-level enhancement should be applied to Crook's base offense level under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense. (*See* Doc. 20, p. 7 in Case No. 1:19-cr-296). Crook, through counsel, objected to this enhancement. (*See* Doc. 15 in Case No. 1:19-cr-296). Judge Bowdre (Crook's sentencing judge) overruled Crook's objection. (Doc. 42, p. 17 in Case No. 1:19-cr-296). Judge Bowdre then sentenced Crook to a term of 100 months' imprisonment. (*See id.*, p. 27). In reaching this sentence and weighing the 18 U.S.C. § 3553(a) factors, Judge Bowdre said that Crook's sentence "would have been the same regardless of how the guidelines issue had been

resolved." (*Id.*, pp. 28–29). Judge Bowdre entered Crook's judgment of conviction on December 12, 2019. (*See* Doc. 21 in Case No. 1:19-cr-296).

2. *First § 2255 motion*: On January 19, 2021, Crook moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, contending that counsel was ineffective for failing to file a notice of appeal. (*See* Doc. 1 in Case No. 1:21-cv-8001). After holding an evidentiary hearing, Judge Bowdre applied equitable tolling to excuse the untimeliness of Crook's § 2255 motion and found that Crook was entitled to § 2255 relief because counsel was ineffective for failing to consult Crook about whether to file a notice of appeal. (*See* Docs. 29 & 30 in Case No. 1:21-cv-8001).

3. *Resentencing + appeal*: Because Judge Bowdre found that Crook was entitled to § 2255 relief, she vacated his original sentence and held a resentencing hearing. (*See* Doc. 43 in Case No. 1:19-cr-296). Judge Bowdre again sentenced Crook to 100 months' imprisonment and entered a new judgment of conviction on March 23, 2022, which adopted her findings at Crook's original sentencing hearing. (*See* Doc. 36 in Case No. 1:19-cr-296). Crook timely appealed his sentence, challenging the application of the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B). The Eleventh Circuit affirmed Crook's sentence for two reasons. First, the evidence the Government presented to support the enhancement at the first sentencing hearing was reliable. (*See* Doc. 50, pp. 8–9 in Case No. 1:19-cr-296). Second, any error in calculating Crook's guidelines' range was harmless because Judge Bowdre stated that she would have imposed the same sentence even if she had sustained Crook's objection to the four-level increase. (*See id.*, pp. 9–11). The Eleventh Circuit's mandate issued on March 3, 2023, and Crook did not petition the Supreme Court for a writ of certiorari.

4. *Second § 2255 motion*: Instead, Crook filed a motion that he labeled as a § 2255(f)(4) motion and that the Clerk's Office construed as a motion to reconsider Judge Bowdre's judgment in Crook's original § 2255 proceedings. (Doc. 33 in Case No. 1:21-cv-8001). Judge Bowdre directed the Clerk's Office to treat Crook's motion as a new § 2255 motion and assign it a new civil action number. (*See* Doc. 35 in Case No. 1:21-cv-8001). Judge Bowdre also ordered Crook to amend his motion because it was not signed under penalty of perjury. (*See id.*).

On July 17, 2023, Crook filed an amended § 2255 motion raising three grounds for relief. (*See* Doc. 9). Crook first asserted that his attorney violated his Fifth Amendment rights by inducing him to plead guilty to the § 922(g) charge in violation of Crook's Second Amendment rights and that the four-level enhancement was improper because Crook's domestic battery charge was later *nolle prossed*. (*Id.*, p. 4). Second, Crook contended that counsel was ineffective for advising him to plead guilty when there is a reasonable probability that he would have been acquitted because § 922(g) violates the Second Amendment. (*See id.*, p. 5). Finally, Crook argued that the Government engaged in prosecutorial misconduct because President Biden pardoned individuals convicted of simple possession of marijuana and several of Crook's underlying convictions were marijuana possession charges. (*Id.*, p. 6).

After Crook's amended § 2255 motion was fully briefed, Judge Bowdre retired, and this case was reassigned to me. Crook then amended his motion for a second time adding a fourth ground for relief based on the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). (Doc. 20).[1] Crook's second amended § 2255 motion is now fully briefed and ripe for review.

## JURISDICTION

Before deciding the merits of Crook's motion, the court must determine whether it has jurisdiction over this § 2255 proceeding. Under the Antiterrorism and Death Penalty Act of 1996 ("AEDPA"), a federal prisoner filing a second or successive § 2255 motion must obtain an order from the Eleventh Circuit authorizing this court to consider his motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without this authorization, this court must dismiss a second or successive § 2255 motion for lack of jurisdiction. *See Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021).

---

[1] Around the same time Crook filed his amended § 2255 motion, Crook filed a motion for sentence reduction under 18 U.S.C. § 3582(c) in his criminal case. (*See* Doc. 51 in Case No. 1:19-cr-296). The court will rule on this motion in Crook's criminal case and not this § 2255 proceeding and **DENIES AS MOOT** Crook's motion to correct the record on Crook's filing of a § 3582(c) motion (doc. 22).

3

But not all second in time motions are considered second or successive motions within the meaning of AEDPA. In *Magwood v. Patterson*, the Supreme Court held that a state prisoner who succeeds on a habeas petition and is then resentenced may challenge his new sentence under 28 U.S.C. § 2254 without needing to comply with AEDPA's requirements for second or successive petitions. *See* 561 U.S. 320, 342 (2010). The Court left open in *Magwood* whether a petitioner could challenge the original, undisturbed conviction in a new habeas petition following an intervening judgment in which the petitioner was merely resentenced. *See id.* But the Eleventh Circuit answered this question in *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014), holding that "when a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction."

"Although *Magwood* addressed petitions under 28 U.S.C. § 2254, *Magwood* [and its progeny] also appl[y] to cases involving § 2255 proceedings." *Armstrong*, 986 F.3d at 1349 (footnote omitted). Applying this precedent, the court finds that it has jurisdiction over this § 2255 proceeding. In granting Crook's original § 2255 motion, Judge Bowdre vacated Crook's original sentence, held a resentencing hearing, and entered a new judgment of conviction that restarted the clock on Crook's time to file a direct appeal. Thus, although Judge Bowdre "did not conduct a full *de novo* resentencing and [Crook's] total sentence remained the same, the amended judgment nevertheless is the operative judgment that authorizes [Crook's] current confinement." *See Saint-Cyr v. United States*, 2024 WL 1759141, at *5 (11th Cir. Apr. 24, 2024). So the court finds that the amended judgment is a new judgment under AEDPA and that Crook's first § 2255 proceedings do not make these proceedings impermissibly second or successive.

Nor does the court lack jurisdiction over Crook's second amended motion because it is not the first § 2255 motion Crook filed in this action. "[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." *United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005) (quoting *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002)).

4

And the court, in its discretion, has granted Crook leave to twice amend his original § 2255 motion. (*See* Docs. 1, 21); *see also Farris v. United States*, 333 F.3d 1211, 1215–16 (11th Cir. 2003) (district court has discretion under Federal Rule of Civil Procedure 15 to grant or deny a motion to amend a § 2255 motion). The court thus finds that it has jurisdiction to consider each claim Crook raises in his second amended § 2255 motion (doc. 20).

## DISCUSSION

Turning to the merits, the court will address each of Crook's claims in turn.

### A. Fifth Amendment Right to Due Process

Crook's first ground for relief asserts that his Fifth Amendment Due Process rights were violated because counsel induced him to plead guilty when his conviction violated his Second Amendment rights and the domestic violence case that led to the four-level enhancement was still pending. The court construes this ground for relief as raising three arguments. First, Crook says counsel impermissibly induced him into pleading guilty. Second, Crook asserts that his conviction for felon in possession of a firearm violates the Second Amendment. Finally, Crook contends that the four-level enhancement under U.S.S.G. § 2k2.1(b)(6)(B) was improper because the domestic battery charge related to that enhancement was eventually *nolle prossed*.

1. *Induced to plead guilty*: Crook first asserts that his attorney impermissibly induced him to plead guilty. "A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quotations omitted). "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). So when a defendant enters a guilty plea based on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56. A defendant who pleaded guilty satisfies *Strickland*'s prejudice prong by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

5

Crook has alleged no facts that suggest that (a) his attorney's advice to plead guilty fell below the range of competence demanded of attorneys in criminal cases, or (b) Crook pleaded guilty only because of counsel's ineffectiveness. As the court will explain below, Crook's Second Amendment and sentencing enhancement arguments lack merit, so counsel didn't act unreasonably by failing to advise Crook to go to trial based on these arguments.

As for *Strickland*'s prejudice prong, Crook's testimony at the change of plea hearing and signed guilty plea advice of rights form refute Crook's claim that counsel induced him to plead guilty. During the change of plea hearing, the court placed Crook under oath and asked him questions to ensure that he was competent to understand the proceedings and plead guilty. (*See* Doc. 46, pp. 3–5 in Case No. 1:19-cr-296). Crook confirmed that if he did not understand something he would bring it to the court's attention. (*See id.*, p. 5). Crook also confirmed that he wished to enter a blind plea and that he understood that meant the Government hadn't agreed to make a favorable recommendation at sentencing. (*See id.*, pp. 5–6). Crook then agreed that no one had "promised [him] anything or threatened [him] in any way to get [him] to enter a plea of guilty." (*Id.*, pp. 7–8).

Crook next confirmed that he understood the court would consider the sentencing guidelines in determining his sentence:

> THE COURT: Do you also understand in determining a sentence, in addition to statutory sentence provisions, the Court must also consider applicable sentencing guidelines?
>
> DEFENDANT CROOK:   Yes, ma'am.
>
> THE COURT: Mr. Crook, have you had sufficient time and opportunity to discuss the sentencing guidelines with Mr. Vilsides?
>
> DEFENDANT CROOK:   Yes, ma'am.
>
> THE COURT: Do you have any questions about the sentencing guidelines and how they may apply in this case?

6

> DEFENDANT CROOK:     No, ma'am.
>
> . . .
>
> THE COURT: Mr. Crook, do you understand that the sentence ultimately imposed by the Court may be different from any estimate or prediction about the sentence that anyone, including your attorney, may have given you?
>
> DEFENDANT CROOK:     Yes, ma'am.
>
> THE COURT: Do you understand that a sentence higher than estimated or expected would not be grounds for setting aside the plea that you are in the process of entering here today?
>
> DEFENDANT CROOK:     Yes, ma'am.
>
> THE COURT: Do you have any questions about the sentencing guidelines or anything else related to sentencing that Mr. Vilsides has not been able to answer for you?
>
> DEFENDANT CROOK:     No, ma'am.
>
> THE COURT: Mr. Crook, do you understand that you have a right to insist upon a plea of not guilty?
>
> DEFENDANT CROOK:     Yes, ma'am.

(*Id.*, pp. 10–12).

Crook finally confirmed that the facts the Government expected it could prove at trial were factually correct and that he desired to plead guilty:

> THE COURT: Mr. Crook, you have heard Mr. Geer outline some of the facts the government would expect to prove at trial. Are those facts substantially correct?

7

DEFENDANT CROOK:    Yes, ma'am.

THE COURT:  Is there anything that you do not think is true or do not think that the government could prove at trial?

DEFENDANT CROOK:    No, ma'am.

THE COURT: Mr. Crook, how do you plead to the charge?

DEFENDANT CROOK:    I plead guilty.

THE COURT: Did you possess the High Point 9mm pistol?

DEFENDANT CROOK:    Yes, ma'am.

THE COURT: Have you previously been convicted of felonies listed in the indictment?

DEFENDANT CROOK:    Yes, ma'am.

THE COURT: Did you know at the time that you possessed the firearm that you had been convicted of a felony?

DEFENDANT CROOK:    Well, yes.

. . .

THE COURT: Mr. Crook, do you understand that you are not required to enter a plea of guilty?

DEFENDANT CROOK:    Yes, ma'am.

THE COURT: Do you understand this is the last opportunity you will have to change your mind about your plea?

DEFENDANT CROOK:    Yes, ma'am.

THE COURT: For any reason do you want to reconsider your decision to plead guilty?

DEFENDANT CROOK: No, ma'am.

8

> THE COURT: Are you sure?
>
> DEFENDANT CROOK:    Yes, ma'am.
>
> THE COURT: Okay. Then I need to ask you in a more formal fashion, Mr. Crook, how do you plead to Count One of the indictment as charged?
>
> DEFENDANT CROOK: Guilty.

(*Id.*, pp. 18–20). And in his guilty plea advice of rights form, Crook certified that he was "entering my guilty plea(s) because I am in fact guilty, and I request that the court accept my plea(s)." (Doc. 12, p. 4).

The court strongly presumes that the statements Crook made under oath are true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Thus, the court finds that the record refutes Crook's bald assertion that counsel induced him to plead guilty and that he would not have pleaded guilty but for counsel's allegedly erroneous advice.

2. *Second Amendment*: The court also rejects Crook's argument that his Fifth Amendment rights were violated because counsel failed to inform Crook that the felon in possession charge violated Crook's Second Amendment rights. The Eleventh Circuit has held that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people." *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010). And the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), did not abrogate this holding. *See United States v. Dubois*, 139 F.4th 887, 888–89 (11th Cir. 2025). So Crook's conviction under § 922(g)(1) didn't violate Crook's Second Amendment rights, and counsel's alleged failure to inform Crook of his Second Amendment rights didn't make his guilty plea involuntary or unintelligent.

3. *Sentencing enhancement*: Nor has Crook shown that either counsel or the court erred with respect to the sentencing enhancement under U.S.S.G. § 2k2.1(b)(6)(B). As discussed above, Crook testified at the change of plea hearing that he had discussed the sentencing guidelines with his attorney, didn't have any questions about how the guidelines worked, and understood

that the sentence imposed may be different than that estimated by Crook's attorney. Thus, the record establishes that Crook voluntarily and intelligently pleaded guilty with the knowledge that his guideline range and ultimate sentence might be higher than estimated or expected.

Plus, Crook is wrong to assert that the four-level enhancement would now be considered improper because Crook's state court battery charge was ultimately dismissed. At the time of Crook's sentencing, U.S.S.G. § 2k2.1(b)(6)(B) said that a defendant's offense level was to be increased by four levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."[2] And the guideline's application notes defined 'another felony offense' as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought, or a conviction obtained*." U.S.S.G. § 2k2.1(b)(6)(B), Application Note 14(C) (emphasis added). So the State's decision to dismiss this charge after Crook's federal sentencing fails to establish that the court's application of the four-level enhancement was improper. And it wasn't error for counsel to fail to advise Crook to wait until the domestic violence charge was resolved before pleading guilty.

Crook is also incorrect to assert that the Government needed to prove that he possessed the firearm in connection with another felony offense by clear and convincing evidence. Instead, the Government's burden was to prove the facts supporting the enhancement by a preponderance of the evidence, which means that all the Government needed to show was that it was more likely than not true that Crook possessed the firearm in connection with another felony offense. *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). And as the Eleventh Circuit found in ruling on Crook's direct appeal, the Government's evidence that Crook struck his girlfriend in the face with the firearm was reliable evidence that supported application of the enhancement. (*See* Doc. 50-1, pp. 8–9 in Case No. 1:19-cr-296).

---

[2] This guidelines' provision can now be found at U.S.S.G. § 2k2.1(b)(7)(B).

10

Finally, the dismissal of Crook's state court battery charge provides no basis for vacating Crook's sentence because the record establishes that the court would have sentenced Crook to 100 months' imprisonment even absent the § 2k2.1(b)(6)(B) enhancement. (*See id.*, pp. 9–11). Indeed, the Eleventh Circuit found that even if the court erred in applying the four-level increase, that increase was harmless because it didn't affect Crook's sentence and Crook's term of 100 months' imprisonment was substantively reasonable. (*See id.*).

—

For these reasons, the court **DENIES** Crook's first ground for § 2255 relief.

### B. Second Amendment: Ineffective Assistance of Counsel

Crook's second ground for relief is that counsel was ineffective for inducing Crook to plead guilty when his § 922(g)(1) conviction was "a strict violation of Petitioner's 2d Amendment." (Doc. 20, p. 5). As explained above, the law in this Circuit is that convictions under 18 U.S.C. § 922(g)(1) do not violate the Second Amendment. *See Rozier*, 598 F.3d at 771; *Dubois*, 139 F.4th at 888–89. So counsel didn't perform deficiently by either failing to discuss the Second Amendment with Crook or advising Crook that the Second Amendment didn't prevent the Government from convicting Crook under § 922(g). Nor has Crook shown that he was prejudiced by counsel's alleged deficient performance. As stated, Crook's statements during the plea colloquy and in his guilty plea advice of rights form establish that Crook wasn't induced to plead guilty and that there's no reasonable probability that Crook would have gone to trial absent counsel's alleged errors. The court thus **DENIES** this ground for § 2255 relief.

### C. Prosecutorial Misconduct

Crook's third ground for relief says that the Government committed prosecutorial misconduct by using his state court marijuana possession convictions against him when President Biden pardoned all simple marijuana possession charges and the Government knew that his marijuana convictions were fruit of the poisonous tree. The court construes this argument as asserting

11

that (1) the Government impermissibly relied on Crook's marijuana possession convictions to establish that he was a felon, and (2) Crook's convictions for simple possession of marijuana shouldn't have been used to calculate Crook's criminal history score.

The court rejects both arguments. The indictment cites two Unlawful Possession of Marijuana, First Degree convictions, one Felony Domestic Violence Assault, Third Degree conviction, and an Unlawful Possession of a Controlled Substance and Unlawful Possession of Marijuana First Degree, conviction to support the Government's assertion that Crook had a previous felony conviction. (Doc. 1, pp. 1–2). At the change of plea hearing, Crook agreed that he had been convicted of the felonies listed in the indictment. (*See* Doc. 46 in Case No. 1:19-cr-296). The court's review of the state court records confirms that Crook was convicted of these offenses and that each of Crook's convictions remain valid. So the Government needn't rely on only Crook's state court marijuana possession convictions to prove that Crook had felony convictions. Even if the Government had relied on only the simple possession convictions, those convictions remain valid because President Biden's pardon covered only federal simple possession convictions. And Crook's simple possession marijuana convictions were state court convictions. So Crook's argument that the Government engaged in prosecutorial misconduct by bringing the § 922(g)(1) charge against him fails.

Crook's argument that the Government engaged in misconduct by using the marijuana possession convictions to calculate his criminal history score also fails. President Biden's "federal pardon of federal convictions has no bearing on [Crook's] criminal history score." *See Denson v. United States*, 2023 WL 2746037, at *6 (S.D. Ga. Mar. 31, 2023). And Crook does not explain what he means when he says that the Government knew that these convictions were "fruit of the poisonous tree." Plus, though given the opportunity to do so, Crook failed to object to the calculation of his criminal history category at sentencing or on direct appeal. Thus, the court **DENIES** this ground for relief.[3]

---

[3] In his reply to the Government's response to his second amended § 2255 motion, Crook asserts for the first time that his § 922(g)(1) conviction is invalid because the Government failed to prove that his underlying offenses were "violent felonies." (*See* Doc. 30). The court rejects this argument for two reasons. First, the court isn't required "to address a claim that a movant waives by failing to raise it until his reply brief." *See Oliveiri v. United States*, 717

12

**D.     Second Amendment: Substantive Claim**

Crook's final ground for relief is a substantive Second Amendment challenge to his conviction that asserts that the Supreme Court's ruling in *Bruen* establishes that § 922(g)(1) violates the Second Amendment. As the court has twice explained, this argument is foreclosed by binding Eleventh Circuit precedent. *See Rozier*, 598 F.3d at 771; *Dubois*, 139 F.4th at 888–89. The court thus **DENIES** Crook's fourth ground for relief.

## EVIDENTIARY HEARING

A § 2255 petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). But the court need not hold an evidentiary hearing "when the petitioner's allegations are affirmatively contradicted by the record" or are "patently frivolous." *See id.* And Crook's allegations are either foreclosed by binding precedent or refuted by the record. The court will thus deny Crook's motion for § 2255 relief without holding an evidentiary hearing.

## CONCLUSION

For these reasons, the court will **DENY** Crook's motion to vacate, set aside, or correct his sentence and **DISMISS** this case **WITH PREJUDICE**. The court will **DENY AS MOOT** Crook's motion to correct the record (doc. 22) and motion to expedite (doc. 33).

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473,

---

F. App'x 966, 967 (11th Cir. 2018). Second, § 922(g)(1) prohibits "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. *See* 18 U.S.C. § 922(g)(1). Thus, the underlying offense needn't be a ***violent*** felony for § 922(g)(1) to apply. And as explained, the record establishes that Crook has several qualifying felonies that support his § 922(g)(1) conviction.

484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Crook's claims fail to satisfy either standard. So the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out this ruling and closes this case.

**Done** on January 21, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE